IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED PLAMBECK AND SUSAN PLAMBECK,<br><br>                      Plaintiffs,<br><br>v.<br><br>MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE,<br><br>                      Defendant. | Case No. 1:08-cv-00366<br><br>**Honorable John W. Darrah**<br>**Magistrate Judge Nan R. Nolan** |

## JOINT STATUS REPORT

The parties submit this joint status report with respect to the above named case.

**A.   DATE AND TIME THIS MATTER IS SET FOR A STATUS REPORT**

This matter has not yet been set for a status report, yet is set for a general status on August 27, 2008 at 9:00 am before Judge John W. Darrah.

**B.   ATTORNEYS OF RECORD**

Attorney for the plaintiff is Douglas Morrison and Morrison & Mix.  Mr. Morrison is expected to try the case. Attorney for the defendant are Daniel J. McMahon and Edna S. Bailey. Ms. Bailey is expected to try the case.

**C.   BASIS FOR FEDERAL JURISDICTION**

This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332.

**D.   WHETHER A JURY HAS BEEN REQUESTED AND BY WHICH PARTY**

Plaintiff has requested a trial by jury.

1

### E. NATURE OF CLAIMS ASSERTED

This is Plaintiffs' claim for breach of contract of a health insurance policy with health insurance benefits underwritten and insured by Defendant, Mid-West. Plaintiffs' claim is seeking payment of un-reimbursed medical expenses and they assert now that Defendant has filed an affirmative defense of misrepresentation and a counterclaim for equitable rescission based on Plaintiffs' material misrepresentations of their health history on their policy application. After discovery of Plaintiffs' material misrepresentations, Mid-West had attempted to reform the contract by requesting that Plaintiffs agree to appropriate rider language. When Plaintiffs refused, Mid-West rescinded the coverage *ab initio*.

Plaintiffs contend that by providing a series of pre-authorizations to the medical providers for each of Plaintiffs' procedures, Mid-West waived any defense to payment for such procedures.

### F. RELIEF SOUGHT BY PLAINTIFF

Plaintiffs seek judgment in their favor and against Defendant and that the court order Mid-West to pay all benefits outstanding. Mid-West seeks judgment against Plaintiffs, rescinding the health insurance policy *ab initio* due to material misrepresentations of Plaintiffs' health history on the application forms.

### G. PARTIES WHO HAVE NOT BEEN SERVED

There are no parties to this action that have not been served.

### H. and I. PRINCIPAL LEGAL AND FACTUAL ISSUES

The principal issues of law and fact are whether Plaintiffs' health insurance coverage is rescinded due to material misrepresentations on the policy application. Plaintiffs contend that at

498893.1

issue is further whether Mid-West waived its alleged defenses to payment of the medical bills for which it pre-authorized the medical providers.

**J.   ANTICIPATED MOTIONS**

Mid-West anticipates filing a motion for summary judgment on Plaintiffs' Complaint and its counterclaim after limited discovery.

**K.   PROPOSED DISCOVERY PLAN PURSUANT TO F. R. CIV. P. 26(f)**

**1.   DISCOVERY TAKEN**

Mid-West has provided its initial disclosures and the court ordered Plaintiffs to provide their initial disclosures by July 7, 2008. Mid-West has not received the initial disclosures.

**2.   DISCOVERY TO BE TAKEN**

The parties believe that fact discovery in this matter includes, but is not limited to: document requests, admit/deny, depositions, and interrogatories. Mid-West anticipates serving written discovery within the next fourteen days and taking the depositions of both Plaintiffs as well as Plaintiffs' treating physicians. Additionally, Mid-West anticipates sending subpoenas to Plaintiffs' medical providers for medical records.

**3.   SCHEDULE FOR EXPERT DESIGNATIONS AND DISCOVERY**

Mid-West does not envision the need for expert discovery.

**4.   DISCOVERY CUTOFF**

Mid-West proposes that all discovery, both written and oral, shall be completed by December 1, 2008.

**L.   DISPOSITIVE MOTION DEADLINE**

Mid-West anticipates moving for summary judgment and proposes a dispositive motion deadline 30 days after discovery closure, or January 1, 2009.

**M.　　DATE AND LENGTH OF TRIAL**

While it is Mid-West's belief that this matter can be resolved on dispositive motion, the earliest date at which the parties would be ready for trial would be July 1, 2009. The parties expect the trial to take approximately 3-5 days.

**N.　　STATUS OF SETTLEMENT DISCUSSIONS**

Plaintiff has asked Mid-West to provide the medical records outlined in its counterclaim, indicating that if they could all be provided, the action would likely be dismissed. Mid-West provided all medical records referred to in its counterclaim and has not heard back from Plaintiff on the dismissal. No other settlement discussions have taken place.

**O.　　TRIAL BEFORE A MAGISTRATE**

The parties do not consent to trial before a Magistrate Judge.

Respectfully Submitted,

| ___/s/Douglas Morrison___ | ___/s/ Edna S. Bailey___ |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| | |
| Douglas Morrison | Edna S. Bailey |
| 120 N. LaSalle Street | Wilson, Elser, Moskowitz, |
| Suite 2750 | Edelman & Dicker LLP |
| Chicago, IL 60602 | 120 North LaSalle Street |
| (312) 726-0888 | Suite 2600 |
| | Chicago, IL 60602-2412 |
| | (312) 704-0550 |

## CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system that will send notification of such filing to the following:

| | |
|---|---|
| Douglas Morrison<br>120 N. LaSalle Street<br>Suite 2750<br>Chicago, IL 60602<br>(312) 726-0888 | Edna S. Bailey<br>Wilson, Elser, Moskowitz,<br>Edelman & Dicker LLP<br>120 North LaSalle Street<br>Suite 2600<br>Chicago, IL 60602-2412<br>(312) 704-0550 |

                                              */s/ Edna S. Bailey*
                                              Edna S. Bailey IL6277775

498893.1